IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**MONA SINCLAIR,**

    **Plaintiff,**

**vs.**                                                              **CASE NO. 1:07CV35-SPM/AK**

**THE TOWN OF YANKEETOWN,**
**et al,**

    **Defendants.**

_____/

O R D E R

Presently before the Court in the above entitled action are the following motions: (1) Plaintiff's Motion for Discovery Sanctions and to Compel Answers to Deposition Questions (doc. 23); and Defendants' Motion for Protective Order. (Doc. 24). Having considered said motions, the Court is of the opinion that Plaintiff's Motion (doc. 23) should be **GRANTED**, and Defendants' Motion (doc. 24) should be **DENIED**.

At issue are certain lines of questioning posed during the depositions of Defendants Larry Feldhusen and Marsha Drew, and a witness, Douglas Dame. Counsel for the defendants instructed them not to answer these questions on grounds of relevancy and/or attorney-client privilege. Plaintiff moves to compel responses to the questions and Defendants have responded by moving for a protective order.

The Court has read the deposition excerpts provided and finds that as to the attorney-client privilege objection raised during the questioning of Defendant Larry Feldhusen at pages 91-92, the objection is overruled.

The elements of attorney-client privilege are:

1) where legal advice of any kind is sought;
2) from a professional legal advisor;
3) the communications relate to this purpose;
4) made in confidence;
5) by the client;
6) are at the client's instance protected;
7) from disclosure by himself or the legal advisor;
8) unless the protection is waived.

<u>Universal City Development Partners v. Ride & Show Engineering, Inc.</u>, 230 F.R.D. 688, 690 (M.D. Fla. 2005). The questions posed by Plaintiff's counsel did not ask for any substantive information relating to a particular communication, she asked whether the attorney typically emailed communications to Council people both at their home and town hall addresses. No privileged information would be revealed by answering this line of questioning, nothing would be elicited pertaining to legal advice of any kind, and the purpose of this line of questioning is germane to Plaintiff's claims regarding an alleged private computer networking system that was being utilized to avoid "Sunshine laws."

Also at issue during Feldhusen's deposition is the line of questioning regarding an encounter on the morning of January 9, 2007, which had been recorded. (Feldhusen Depo., at pp. 111-114). Counsel instructed Feldhusen not to answer any questions about the incident because they had not yet been provided a copy of the recording. This is not a valid ground for objection.

**No. 1:07cv35-SPM/AK**

Rule 30(d)(1), Federal Rules of Civil Procedure, provides for objections "only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4). Indeed, the amendments to Rule 30, Federal Rules of Civil Procedure, effective December 1, 2007, specifically provide that all objections should be noted on the record, "but the examination still proceeds; the testimony is taken subject to any objection." [See Proposed Amendment of Rule 30, 2007 Revised Edition, Federal Civil Judicial Procedure and Rules]. The amended rule, which is not being applied to the present circumstances since the depositions took place prior to its effective date, merely codifies what has long been the safer practice of counsel to continue with the deposition or seek court intervention before terminating the deposition because a later finding that the objection was not well taken could be far costlier than proceeding with the examination and filing motions later to prohibit the use of any objectionable testimony.

This is the basis for the Court's ruling, as well, as to all objections based on relevance (Feldhusen Depo. at pp. 148-150; Marsha Drew Depo. at pp. 126, 130); and for misleading questions (Drew Depo. at p. 127); and objection as to form (Drew Depo. at p. 131). These objections are not well taken.

With regard to Witness Douglas Dame, who was told not to answer the question about what materials he used to refresh his recollections of the facts of the case, the Court finds, too, that the question, as posed, should have been answered. The question as posed did not ask for work product, although it could have included such material. The witness ought to have been allowed to respond subject perhaps to some

**No. 1:07cv35-SPM/AK**

instruction by counsel that would assist the witness in answering without revealing work product.

Thus, Plaintiff will be granted leave to re-depose Defendants Feldhusen and Drew at Defendants' expense, although the Court strongly urges counsel to attempt to alleviate any undue expense or burden by seeking some or all of this information by other discovery means such as Rule 31, Depositions Upon Written Questions.  This method should certainly be utilized to obtain the information at issue from Doug Dame.

Accordingly, it is

**ORDERED:**

1.  Plaintiff's Motion for Discovery Sanctions (doc. 23) is **GRANTED**, and the depositions of Defendants Feldhusen and Drew shall be continued at the earliest possible mutually convenient date and at Defendants' expense.  Any written deposition questions posed to Douglas Dame (or to Feldhusen and Drew if that is determined to be feasible) should be submitted as soon as possible as well.  The discovery deadline has expired, but will be extended for the limited purpose of complying with this Order through **January 18, 2008.**

2.  Defendants' Motion for Protective Order (doc. 24) is **DENIED**.

**DONE AND ORDERED** this *17th* day of December, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

**No. 1:07cv35-SPM/AK**