**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

MONA SINCLAIR,

        Plaintiff,

v.                                                          CASE NO.: 1:07-CV-035-SPM

THE TOWN OF YANKEETOWN,
a Florida Municipal Corporation;
LARRY FELDHUSEN, Individually
and as Councilman of Yankeetown;
MARSHA DREW, Individually and
as Vice-Mayor of Yankeetown; and
DAWN CLARY, Individually, and as
Mayor of Yankeetown,

        Defendants.

_____/

## <u>ORDER</u>

THIS CAUSE comes before the Court upon the Defendants' Motion to Dismiss (doc. 9) and Plaintiff's response (doc. 11).  Defendants claim that pursuant to Federal Civil Procedure Rule 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted.  Specifically, Defendants claim that in Count One, Defendant Clary is entitled to qualified immunity; in Count Two, Plaintiff has failed to plead deliberate indifference or a constitutional violation that would be the basis for a §1983 claim; Counts Three, Four, and Five are redundant and there is no entitlement to "exemplary damages"; and Count Six, the policy or practice claim is not recognized under Florida Statutes, Section

286.011.  Additionally, pursuant to Federal Civil Procedure Rule 12(f),

Defendants request that this Court strike certain paragraphs of the Complaint

because they are immaterial, impertinent and scandalous.  For the reasons set

forth below, this motion will be granted in part and denied in part.

**BACKGROUND**

On or about October 2, 2006, Plaintiff Mona Lee Sinclair was hired as a

Deputy Clerk for the town of Yankeetown.  During December 2006, Plaintiff

began having concerns about the activities of council members.  Plaintiff

suspected that they violated Florida Statute Section 286.011 ("Sunshine Law"),

which states that

> all meetings of any board or commission of any state agency or
> authority or of any agency or authority of any county, municipal
> corporation, or political subdivision, . . . at which official acts are to
> be taken are declared to be public meetings open to the public at
> all times, and no resolution, rule, or formal action shall be
> considered binding except as taken or made at such meeting.

The Sunshine Law also requires that "[t]he board or commission must provide

reasonable notice of all such meetings."  Fla. Stat. § 286.011.

Plaintiff was concerned that town council members were discussing and

making decisions about town business in private and without the participation of

the citizens, in violation of the Sunshine Law.  Plaintiff alleges that conversations

about town business took place in the parking lot and in the break room of the

town hall office building.  Plaintiff also claims that a wireless computer system

was installed so that council members could discuss town business and make

2

decisions without having to go through the town computer system.  Lastly, Plaintiff claims that council members had a policy of posting notices at the last minute in order to discourage public participation.

Plaintiff began communicating with a reporter about her concerns that council members were mishandling town issues.  Plaintiff, who was still within her six-month probationary period for new employees, was then told by Defendant Mayor Clary that Plaintiff would not be recommended for a permanent position. Plaintiff now brings this action against Mayor Clary and the town of Yankeetown under 42 U.S.C. § 1983 arguing that the conversations she had with the reporter were protected by the First Amendment and that terminating her employment because of that expression was a violation of her right to freedom of speech. She is also suing Yankeetown and its council members for violating the Sunshine Law.

**LEGAL STANDARD**

A court may dismiss a complaint on a dispositive issue of law when "no construction of the factual allegations will support the cause of action." Albra v. City of Fort Lauderdale, 232 Fed. Appx. 885, 887 (11th Cir. 2007) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993)).  The threshold to survive a motion to dismiss is an "exceedingly-low one."  Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 995 (11th Cir. 1983).  As a result, very few

3

motions to dismiss are granted.  Id.  With this standard in mind, the Court now
examines each count in turn.

**ANALYSIS**

*Count One*

Defendant Mayor Clary requests dismissal of the Count One on the basis
of qualified immunity. However, a review of her argument reveals that the actual
basis for her request for dismissal is not qualified immunity, but rather that Mayor
Clary did not, and could not, terminate Plaintiff's employment.  This is a
causation argument, and the Court will review it as such.

To state a claim for retaliation for exercising his or her First Amendment
rights a plaintiff must establish that: (1) the speech or act was constitutionally
protected; (2) the defendant's retaliatory conduct adversely affected the
protected speech; and (3) a causal connection existed between the retaliatory
conduct and the adverse effect on speech.  Bennett v. Hendrix, 423 F.3d 1247,
1250 (11th Cir. 2005). Section 1983 claims require "proof of an affirmative causal
connection between the official's acts or omissions and the alleged constitutional
deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986).

Plaintiff's Complaint does not establish a causal connection between
Mayor Clary's behavior and Plaintiff's termination.  Though Mayor Clary
recommended to the town council that Plaintiff be terminated, the final decision
was up to the council members, not Mayor Clary.  The mayor was not the final

"decisionmaker" and therefore, not able to be held individually liable.  See

Kamensky v. Dean, 148 Fed. Appx. 878, 880 (11th Cir. 2005) (holding that only a

decisionmaker who "has the power to terminate an employee, not merely the

power to recommend termination" can be held individually liable).  Consequently,

there is no causal connection between Mayor Clary's behavior and the alleged

constitutional violation and Mayor Clary's behavior toward Plaintiff did not violate

Plaintiff's constitutional right to free speech.  The termination of Plaintiff's

employment and the legal consequences of that termination rest with the town

council, not with Mayor Clary.  Accordingly, Count One of the Complaint will be

dismissed.

*Count Two*

　　　　Count Two is a § 1983 claim that Defendant Yankeetown violated

Plaintiff's freedom of speech when it terminated her employment in retaliation for

speaking to a local reporter.  Defendants claim that Count Two fails to identify the

underlying constitutional violation necessary to support a § 1983 claim.  The

Court disagrees.  "To impose § 1983 liability on a municipality, a plaintiff must

show: (1) that his constitutional rights were violated; (2) that the municipality had

a custom or policy that constituted deliberate indifference to that constitutional

right; and (3) that the policy or custom caused the violation, or was the 'moving

force' behind the violation."  Powell v. Barrett, 246 Fed. Appx. 615, 620 (11th Cir.

2007).  "A plaintiff seeking to impose liability on a municipality under § 1983"

must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."

Hall v. Smith, 170 Fed. Appx. 105, 107 (11th Cir. 2006) (internal quotations

omitted).

      If the allegations in Plaintiff's complaint are true and she was terminated

because she exercised her protected First Amendment right to freedom of

speech, then that conduct does constitute a violation of Plaintiff's constitutional

rights.  If, as Plaintiff claims, the town indeed had a policy or practice of

retaliating against employees because they were exercising constitutional rights

and this policy was a driving force behind their decision, then Defendant

Yankeetown committed a constitutional violation and is subject to liability under §

1983.  Contrary to Defendants' claims, the constitutional violation was not the

"mere act of calling a meeting", it was the termination of Plaintiff's employment

because she exercised her constitutional right to free speech.  These facts

sufficiently state a claim upon which relief can be granted.  Accordingly,

Defendants' motion to dismiss Count Two on this basis will be denied.

      Additionally, Defendants claim that deliberate indifference is not

specifically alleged in the Complaint and that this omission is fatal to Plaintiff's

claim in Count Two.  Yankeetown may be liable under § 1983 if, "under the color

of some official policy, [it] causes an employee to violate another's constitutional

rights."  Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 692 (1978).

In the Complaint, Plaintiff asserts that Yankeetown "had in effect a policy of

retaliating against those who chose to exercise their constitutional rights."  In reviewing the sufficiency of a complaint under Rule 12(b)(6) all allegations in the complaint are accepted as true and in the light most favorable to the plaintiff. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998).  Furthermore, the Supreme Court has stated that the liberal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure apply to § 1983 claims against municipalities. See generally Leatherman v. Tarrant County, 507 U.S. 163 (1993).  The Court held that the Federal Rules do not contain a special pleading requirement for complaints alleging municipal liability under § 1983.  Id.

Considering Plaintiff's Complaint pursuant to these legal standards, the Court finds that Plaintiff's allegations are sufficient to state a claim under § 1983 against the Yankeetown, even in the absence of language specifying "deliberate indifference."  A complaint need only contain "a short and plain statement of the claim showing the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2). Plaintiff has indeed alleged facts which, if proven, may demonstrate deliberate indifference and therefore entitle Plaintiff to relief.  Therefore, the Court concludes that Plaintiff has satisfactorily alleged the applicable legal standard in her complaint and the motion to dismiss Count Two will be denied.

Defendant claims that Plaintiff is not entitled to punitive damages in her § 1983 claim against the town in Count Two.  Punitive damages are available "in an action under § 1983 when the defendant's conduct is shown to be motivated

by evil motive or intent, or when it involves reckless or callous indifference to the
federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983).
However, "a municipality is immune from punitive damages under 42 U.S.C. §
1983." Newport v. Fact Concerts, 453 U.S. 247, 271 (1981).  Therefore, because
Count Two involves a claim against Yankeetown, a municipality, punitive
damages are not available.  However, this finding is not fatal to the claim in
Count Two.  The fact that Plaintiff is not entitled to the requested damages does
not mean that this Count fails to state a claim upon which relief will be granted.
Therefore, Defendants' motion to dismiss Count Two will be denied.  However,
Plaintiff's request for exemplary damages as a form of relief for this count will be
dismissed.

*Counts Three, Four Five and* Six *- Florida Sunshine Act Claims*

Plaintiff's complaint is against Yankeetown and its various council
members in their individual capacities.[1]  In Counts Three, Four, Five, and Six,
Plaintiff alleges violations of the Sunshine Law and requests the following relief:
compensatory damages, exemplary damages, cost of suit, attorney's fees, and a
jury trial.

Under the Sunshine Law, Plaintiff is not eligible for monetary damages.
Florida Statute 286.11(3) states that any public officer that is found in violation of

---

[1]   Defendants claim that the Counts against the council members in their official
capacities should be dismissed because they are duplicative when read in conjunction with the
claim against the municipality in Count Two.  Plaintiff responds that the claims in question are
against the council members in their individual capacity.

the Sunshine Law is "guilty of a noncriminal infraction, punishable by a fine not exceeding $500."  Section (4) states that a board or commission member who "knowingly violates the provisions of this section. . . is guilty of a misdemeanor of the second degree" and pursuant to Florida Statute 775.082, 775.083 or 775.084 is punishable by "imprisonment not exceeding 60 days," or a fine of up to $500. Florida statute 286.011(2) and state case law indicate that if the court finds that the Sunshine Law has been violated, then the court may "issue injunctions to enforce the purposes of this section upon application by any citizen of this state." § 286.011(2), Fla. Stat. (1987); see Board of Public Instruction v. Doran, 224 So.2d 693, 699 (Fla. 1969).

The Sunshine Law is a penal violation for which the penalty is a fine or imprisonment.  This Court declines to recognize a statutory private cause of action unless the statutory scheme and the statute itself indicates a legislative purpose to create one.  See Murthy v. N. Sinha Corp., 644 So. 2d 983, 985 (Fla. 1994).  The statute does not explicitly permit a suit for monetary damages in any form, including suits against government employees in their individual or official capacities.  Nor does the statute indicate a legislative purpose or desire to create such relief.  Consequently, there is no private action against individual defendants or the municipality for any monetary damages.[2]  Therefore, Counts Three, Four, Five, and Six of Plaintiff's Complaint do not state a claim upon

_____

[2] Plaintiff has not requested relief in the form of an injunction.  Plaintiff has only requested monetary damages.

which relief can be granted and they will be dismissed.

_Defendants' Motion to Strike_

Pursuant to Federal Civil Procedure Rule 12(f), a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" within the pleadings.  Defendants request that this Court strike paragraphs 8, 9, 10, 11, 14, 24 and 25 on the basis that they are irrelevant to Plaintiff's claims and potentially prejudicial to Defendants claims.  These paragraphs address resignations and other general behavior of the town council members that took place before Plaintiff began working for the town; acknowledgments by members of Yankeetown council that they had previously attended private meetings; and references to specific meetings that Plaintiff witnesses that were in violation of the Sunshine Law.

While courts enjoy broad discretion in determining whether to grant or deny motions to strike, these motions are generally disfavored.  Royal Ins. Co. of America v. M/Y ANASTASIA, 1997 WL 608722 at *3 (N.D. Fla.,1997).  A court will not exercise this discretion unless the "challenged allegations have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla.1995).  Pleadings will not be stricken absent clear immateriality or prejudice to moving party.  Berke v Presstek, Inc.  188 F.R.D. 179, 180 (D.N.H. 1998).

10

In this case, the paragraphs in question create a context for understanding the violations alleged in the Complaint.  They are relevant and they speak directly to Plaintiff's allegations of illegal behavior by Defendants.  These paragraphs are not immaterial, impertinent or scandalous to Defendants.  Nor are they unfairly prejudicial. Accordingly, Defendant's motion to strike will be denied.  Accordingly,

It is hereby ORDERED AND ADJUDGED as follows:

1.    Defendants' motion to dismiss Count One against Defendant Clary is ***granted***.

2.    Defendants' motion to dismiss Count Two, the § 1983 claim against Yankeetown, is ***denied*** because even though "deliberate indifference" was not pleaded specifically, the allegations in the complaint properly plead an underlying constitutional violation and as a result, the complaint is sufficient to state a claim for relief against Yankeetown.

3.    Defendants' motion to dismiss Counts Three, Four, Five, and Six, the claims that Defendants Clary, Drew, Feldhusen and the town of Yankeetown violated of Florida Statute 286.011 is ***granted*** because monetary relief is not available for violations of the Florida Sunshine Law.

4.    Defendants' motion to strike paragraphs from Plaintiff's complaint is hereby ***denied***.

11

5.      This claim shall proceed only on Plaintiff's claim in Count Two

against Yankeetown under § 1983.

DONE AND ORDERED this <u>seventh</u> day of March, 2008.


_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge