## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

MONA SINCLAIR,

       Plaintiff,

v.                                  CASE NO.: 1:07-CV-035-SPM

THE TOWN OF YANKEETOWN,
a Florida Municipal Corporation,

       Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant Yankeetown's motion for summary judgment as to Count Two[1] (doc. 18) and Defendant's Supplemental Authority in support (doc. 65). Plaintiff has filed two responses. (docs. 32 and 69) Plaintiff was terminated by Defendant, through members of its town council. Plaintiff believes that she was terminated in retaliation for expressing her First Amendment right to free speech by having conversations with a local reporter about her suspicions of illegal activity by the town council members. For the reasons set forth below, Defendant Yankeetown's motion for summary judgment will be granted.

---

[1] In light of this Court's Order granting, in part, Defendants' motions to dismiss (doc. 67), the only remaining claim is the constitutional claim against Yankeetown under § 1983. Additionally, because there are no longer any pending state claims, Defendants' request that this Court decline supplemental jurisdiction is denied as moot.

## I.   BACKGROUND

On or about October 2, 2006, Plaintiff Mona Lee Sinclair was hired as a Deputy Clerk for the town of Yankeetown.  Plaintiff was hired for a six-month probationary period, after which time her supervisors, the town council, would make a final determination about her continued employment.  During December 2006, Plaintiff began having concerns about the activities of the town council members.  She suspected that they were in violation of the Florida Statute 286.01 ("Sunshine Law").  This law states that

> All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting. The board or commission must provide reasonable notice of all such meetings.

Fla. Stat. § 286.011(1) (2008).

Plaintiff was concerned that town council members were discussing and making decisions about town business in private and without the participation of the citizens, in violation of the Sunshine Law.  Plaintiff alleges that conversations about town business took place in the parking lot, in the break room of the Town Hall, and at the home of one of the Vice Mayors.  Plaintiff also claims that a wireless computer system was installed so that council members could discuss town business without having to go through the town computer system.

Plaintiff alleges that in December, 2006, Plaintiff began communicating

with Carl Mazzuca, a reporter from the Newscaster, a local paper.  Plaintiff initially stated in her complaint that over the course of two conversations in December, Plaintiff shared with Mazzuca her suspicions about the illegal activity of the council members.  However, later, in Plaintiff's first deposition, she testified that her December conversations with Mazzuca were not about these illegal activities of the council members.  These conversations were only about public document requests that Mazzuca was making.

Mazzuca's deposition testimony confirms this information.  Mazzuca testified that he first met Plaintiff, in person, on January 8, 2007.  He testified that the first time he ever spoke to Plaintiff was approximately August 2006 when Plaintiff called him to discuss her upcoming interview with the town council.  After Plaintiff was hired by Yankeetown, but before January 8, 2007, Mazzuca testified that he only spoke to Plaintiff "a handful" of times and that all of these conversations took place in Town Hall.  Mazzuca said that the occasions when he spoke to Plaintiff were not "memorable."  The conversations were only "to say hello" or to discuss his public document requests.

The only substantive conversation for which Plaintiff was present was a conversation about an editorial piece written by one of the council members.  Mazzuca went to Town Hall to discuss the article with someone and Plaintiff was in the vicinity.  But Mazzuca testified that Plaintiff's only comment to him was that she wasn't involved in writing that article.  Mazzuca said that prior to Plaintiff's

termination, Plaintiff did not complain about the activities of her supervisors, or
complain about her job in any way, or indicate that she believed that illegal
activities were taking place in Town Hall.

On January 8, 2007, Mayor Clary told Plaintiff that Plaintiff would not be
recommended for a permanent position with Yankeetown.  That same day,
Plaintiff called and left messages on the voicemails of two local reporters.  These
messages were about Plaintiff's firing and the possibility that she was being fired
illegally.  On January 9, 2007, a town council meeting was held regarding
Plaintiff's continued employment.  The Mayor recommended that Plaintiff be
removed from her position.  The town council disagreed.  They voted for Plaintiff
to remain in her position pending a period of stringent oversight and monitoring
by Plaintiff's immediate supervisor, Marsha Drew.

After this period of monitoring, on January 25, 2007, Drew informed
Plaintiff that Drew would not be able to recommend Plaintiff's continued
employment.  On January 27, 2007, another emergency town council meeting
was held.  At this meeting, the council unanimously voted to terminate Plaintiff's
employment.  This meeting took place within the six-month probationary period
that Plaintiff agreed to when she began her employment.

Plaintiff now alleges that her termination was retaliation for exercising her
First Amendment right to free speech by speaking to Mazzuca about her
suspicions of illegal activity.  Plaintiff argues that the conversations she had with

Mazzuca were conversations that are protected by the First Amendment and that firing her because of that expression was an adverse employment action that violated her right to free speech.

## II.  STANDARD FOR SUMMARY JUDGMENT

Federal Civil Procedure Rule 56(c) provides for the granting of summary judgment "if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment." Lofton v. Sec'y of the Dep't of Children & Family Servs., 358 F.3d 804, 809 (11th Cir.  2004) (citing Andersen v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992)).  "An issue of fact is material and genuine if a rational fact-finder could find for the nonmoving party on a fact necessary to establish an element of the claim under applicable substantive law." Ross Neely Sys. v. Occidental Fire & Cas. Co., 196 F.3d 1347, 1350 (11th Cir. 1999).

Initially, the burden is on the moving party to "show, by reference to materials on file, that there are no genuine issues of material fact to be determined at trial."  Mullins v. Crowell, 228 F.3d 1305, 1313 (11th Cir. 2000) (citing Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991)).  A

common way for the moving party to meet its burden is by demonstrating that the non-moving party cannot show an essential element of his case.  Riley v. Newton, 94 F.3d 632, 638-39 (11th Cir. 1996).  In determining whether the burden has been met, the court must "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." Kingsland v. City of Miami, 382 F.3d 1220, 1226 (11th Cir. 2004) (citations omitted).

A "party opposing a properly-supported motion for summary judgment 'may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial.'"  Brannon v. Thomas County Jail, 2008 U.S. App. LEXIS 12488, 5-6 (11th Cir. June 9, 2008) (citing Fed. R. Civ. P. 56(e)).  "There is a genuine issue of material fact if the nonmoving party has produced evidence such that a reasonable fact-finder could return a verdict in its favor."  Brannon at 5-6 (quoting Waddell v. Valley Forge Dental Assocs., Inc., 276 F.3d 1275, 1279 (11th Cir. 2001).  "'The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'"  Street v. J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986)).

Lorenzi v. Pfizer, 519 F. Supp. 2d 742, 744-745 (N.D. Ohio 2007) "The inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." <u>Dadeland Depot, Inc. v. St. Paul Fire & Marine Ins. Co.</u>, 483 F.3d 1265, 1273 (11th Cir. 2007) (internal quotations omitted).

### III.  ANALYSIS

Employees of municipalities are public employees.  As public employees, their First Amendment freedom of speech is limited.  <u>Bryson v. City of Waycross</u>, 888 F.2d 1562, 1565 (11th Cir. 1989) ("a public employee's right to freedom of speech is not absolute").  In other words, the First Amendment does not protect every type of speech that the public employee may engage in.  <u>Connick v. Myers</u>, 461 U.S. 138, 150 (1983).  "Rather, the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern."  <u>Garcetti v. Ceballos</u>, 547 U.S. 410 (2006).

"To set forth a claim of retaliation, a public employee must show: (1) she was speaking as a citizen on a matter of public concern; (2) her interests as a citizen outweighed the interests of the State as an employer; and (3) the speech played a substantial or motivating role in the adverse employment action."  <u>Akins v. Fulton County</u>, 420 F.3d 1293, 1303 (11th Cir. 2005).  "If the plaintiff establishes these elements, the burden shifts to the defendant to prove it would have made the same adverse employment decision absent the employee's

speech." <u>Id.</u> at 1303.

Plaintiff has not sufficiently set forth a claim of retaliation.  There is absolutely no evidence corroborating Plaintiff's testimony that she had conversations with Mazzuca about the allegedly illegal behavior of town council members before she was fired.  In fact, Plaintiff's own testimony is inconsistent, equivocating, and unreliable.  Plaintiff changed her testimony between her first deposition and her second deposition.  In her first deposition, Plaintiff claimed that her protected speech took place *after* the adverse employment action.  In the second deposition, Plaintiff testified that her protected speech took place *before* the adverse employment action.

Mazzuca's testimony corroborated Plaintiff's testimony from her first deposition, not her second.  Mazzuca testified that Plaintiff's pre-January 8, 2008 conversations were never about her employment or her supervisors.  Furthermore, there is no evidence that any of the town council members saw or heard Plaintiff having a conversation with Mazzuca at any time before January 8, 2008.  There is no evidence of their knowledge of what Plaintiff claims was protected speech.  All of the evidence on record demonstrates that Plaintiff's conversations with Mazzuca about Sunshine Law violations took place after January 8, 2007.  For the duration of Plaintiff's employment with Defendant, Plaintiff's conversations with Mazzuca consisted only of general pleasantries, not of conversations regarding her supervisors' alleged violations of the Sunshine

Law.   Plaintiff's inconsistent deposition testimony shows only a scintilla of

evidence in support of her claim.  This amount of evidence is insufficient.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence

of a scintilla of evidence in support of the plaintiff's position will be insufficient;

there must be evidence on which the jury could reasonably find for the plaintiff.").

Therefore, this Court finds that Plaintiff has not shown that Mayor Clary or

the other council members were aware of any protected conduct at the time of

Plaintiff's adverse employment action.  The reason that the town council

members were not aware of the protected conduct is because it appears that the

protected conduct had not occurred at the time that their decision was made.

Mayor Clary's decision could not have been based on Plaintiff's protected speech

with Mazzuca, because any protected speech took place *after* Plaintiff was

removed from her position.  By virtue of the order of the events, Plaintiff could not

have been fired in retaliation for something that had not yet happened.

## IV.  CONCLUSION

Defendant Yankeetown has successfully shown, by reference to affidavits

and depositions on file, that there are no genuine issues of material fact to be

determined at trial.  Defendant has met its burden by demonstrating that Plaintiff

has failed to show an essential element of her case–that her conversation with

Mazzuca played a substantial or motivating role in Plaintiff's adverse employment

action.

9

Plaintiff has not made a prima facia case for retaliation.  Plaintiff has failed to show a causal connection between the protected conduct (her conversations with Mazzuca) and the adverse employment action (the recommendation that her employment be terminated).  No reasonable fact-finder would be able to view the evidence in this case and find in favor of Plaintiff.  Therefore, Plaintiff is not entitled to relief on her § 1983 claim of retaliation and Defendant Yankeetown is entitled to judgment as a matter of law.  Accordingly, it is ORDERED AND ADJUDGED as follows:

    1.    Defendant Yankeetown's  motion for summary judgment (doc. 18) is ***granted***.

    2.    The Clerk shall enter judgment in favor of Defendant Yankeetown and against Plaintiff on all claims.

DONE AND ORDERED this <u>ninth</u> day of July, 2008.


*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge